UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC-SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#:
DATE FILED:  7/23/2020

TRUSTEES OF THE NEW YORK CITY DISTRICT
COUNCIL OF CARPENTERS PENSION FUND,
WELFARE FUND, ANNUITY FUND, AND
APPRENTICESHIP, JOURNEYMAN RETRAINING,
EDUCATIONAL AND INDUSTRY FUND,
TRUSTEES OF THE NEW YORK CITY
CARPENTERS RELIEF AND CHARITY FUND, THE
NEW YORK CITY AND VICINITY CARPENTERS
LABOR-MANAGEMENT CORPORATION, AND
NEW YORK CITY DISTRICT COUNCIL OF
CARPENTERS,

19-CV-6164 (RA)

Petitioners,

MEMORANDUM
OPINION & ORDER

v.

OCEAN MARINE DEVELOPMENT CORP.,

Respondent.

RONNIE ABRAMS, United States District Judge:

Petitioners seek confirmation of an arbitration award entered against Respondent Ocean

Marine Development Corp.  Respondent did not oppose the petition.  For the reasons set forth

below, the petition is granted, but with a modest reduction in the amount of attorney's fees awarded

to Petitioners.

## BACKGROUND

Petitioners in this action consist of several parties.  First, collectively referred to as the

"Funds," are: (1) Trustees of the New York City District Council of Carpenters Pension, Welfare,

Annuity, Apprenticeship, Journeyman Retraining and Educational and Industry Funds, employer

and employee trustees of multiemployer labor-management trust funds organized and operated in

accordance with the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1002(21);

(2) Trustees of the New York City District Council of Carpenters Relief and Charity Fund, trustees

of a charitable organization established under section 501(c)(3) of the Internal Revenue Code, 26 U.S.C. § 501(c)(3); and (3) New York City and Vicinity Carpenters Labor-Management Corporation, a New York not-for-profit corporation.  *See* Pet., Dkt. 1, ¶¶ 4-6.  Also among Petitioners is the New York City District Council of Carpenters (the "Union"), a labor organization that represents employees in an industry affecting commerce within the meaning of section 501 of the Labor Management Relations Act of 1947 ("LMRA"), 29 U.S.C. § 142, and is the certified bargaining representative for certain employees of Respondent Ocean Marine Development Corp. *Id*. ¶ 7.  Respondent is a business corporation organized under the laws of the State of New York, with its principal place of business in New York.  *Id.* ¶ 8.

Respondent authorized and appointed the General Contractors Association of New York, Inc. (the "GCA") as its bargaining agent.  *Id.* ¶ 9.  Respondent was thus bound by the collective bargaining agreement (the "CBA") between the GCA and the Union.  *Id.* ¶ 10.  The CBA initially covered the period of July 1, 2006 through June 30, 2011, *id.*, but was subsequently extended to cover the period of July 1, 2011 through May 31, 2017, *id.* ¶ 11.

The CBA requires Respondent to "remit contributions to the Funds for every hour worked by its employees within the trade and geographical jurisdiction of the Union."  Pet. ¶ 12; *see also* Pet. Ex. B ("CBA") art. XII, § 1.  It also requires Respondent to "furnish its books and payroll records when requested by the Funds for the purpose of conducting an audit to ensure compliance with required benefit fund contributions."  Pet. ¶ 13; *see also* CBA art. XII, § 7.  The CBA provides that, "[s]hould any dispute or disagreement arise between the parties hereto . . . concerning any claim arising from payments to the Fund of principal and/or interest which is allegedly due, either party may seek arbitration of the dispute before the impartial arbitrator."  *See* Pet. ¶ 15; CBA art. XII, § 11.  The CBA also makes clear that "[t]he arbitrator shall have full and complete authority

to decide any and all issues raised," and that "[t]he arbitrator's award . . . shall be final and binding upon the parties."  CBA art. XII, § 11.  The CBA further provides that, if a dispute arises from unpaid contributions, the Funds would be entitled to "collect, in addition to the delinquent contributions: (1) interest on the unpaid contributions at the prime rate of Citibank plus 2%; (2) liquidated damages in the amount of 20% of the unpaid contributions; and (3) reasonable costs and attorneys' fees incurred by the Funds in collecting the delinquencies."  Pet. ¶ 16; *see also* CBA art. XII, § 6(f)(a)-(e); Pet. Ex. D ("Collection Policy") § 5.4.

Pursuant to the CBA, an accountant retained by Petitioners audited Respondent's contributions to the Funds for "the period September 23, 2009 through October 31, 2010."  Pet. ¶ 17; *see also* Pet. Ex. F ("Opinion and Award of Arbitrator" or the "Award") at 2.  The audit "revealed that Respondent failed to remit all required contributions to the Funds."  Pet. ¶ 17. Shortly thereafter, Petitioners initiated arbitration proceedings.  *Id.* ¶ 18.  The appointed arbitrator held a hearing on January 17, 2019.  *See* Award at 1; *see also* Pet. Ex. E.

On May 23, 2019, the arbitrator issued the Award in favor of Petitioners, finding that Respondent violated the CBA when it "failed to remit all required contributions to the Funds," and that it was thus liable for $27,042.46, plus interest accruing at the annual rate of 7.5%.  *See* Pet. ¶¶ 19-21; *see also* Award at 3.  The arbitrator stated that "[u]pon the substantial and credible evidence of the case as a whole . . . the Respondent-Employer, Ocean Marine Development Corp., is delinquent in Fringe Benefit monies due under its written agreement and is also obligated to pay delinquency assessment and interest on its delinquency," in addition to attorney's fees, arbitration fees, court costs, audit costs, and promotional fund fees, pursuant to the CBA.  Award at 2-3. Specifically, he found that Respondent owed $9,143.30 in principal payments; $4,909.86 in total interest; $4,909.86 in liquidated damages; $868.38 in late payment interest; $2,980.38 in non-audit

late payment interest; $80.68 in promotional fund considerations; $400 in court costs; $1,500 in attorney's fees; $500 in arbitrator's fees; and $1,750 in audit costs. *Id.* at 3. As of July 2, 2019, the date that Petitioners filed the instant petition, Respondent had failed to pay any portion of the Award. *See* Pet. ¶ 22.

## PROCEDURAL HISTORY

On July 2, 2019, Petitioners filed this petition, seeking an order confirming the Award and a judgment in the amount of $27,042.46, plus prejudgment interest from the date of the Award through the date of judgment accruing at a rate of 7.5%, post-judgment interest at the statutory rate, $770 in attorney's fees, and $75 in costs. *See* Dkt. 1. According to an Affidavit of Service filed on July 10, 2019, Respondent was served with the petition on July 8, 2019. *See* Dkt. 8. On February 20, 2020, this case was reassigned to the undersigned. On February 24, 2020, the Court ordered that Respondent file its opposition, if any, by March 13, 2020, and that Petitioners file their reply, if any, by March 27, 2020. *See* Dkt. 10. On February 25, 2020, Petitioners filed an Affidavit of Service averring that Respondent was served with the Court's February 24th Order. *See* Dkt. 11. Respondent did not file an opposition to the petition.

## STANDARD OF REVIEW

"Because arbitration awards are not self-enforcing, they must be given force and effect by being converted to judicial orders by courts." *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 104 (2d Cir. 2006) (alteration, internal quotation marks, and citation omitted). Confirming an arbitration award is generally no more than "a summary proceeding that merely makes what is already a final arbitration award a judgment of the court." *Citigroup, Inc. v. Abu Dhabi Inv. Auth.*, 776 F.3d 126, 132 (2d Cir. 2015) (internal quotation marks and citation omitted); *see also* 9 U.S.C. § 9 ("[T]he court must grant such an order unless the award is vacated, modified, or corrected.").

4

Because "[a]rbitration panel determinations are generally accorded great deference under the FAA," a "court is required to enforce the arbitration award as long as there is a barely colorable justification for the outcome reached." *Leeward Constr. Co. v. Am. Univ. of Antigua–Coll. of Med.*, 826 F.3d 634, 638 (2d Cir. 2016) (internal quotation marks and citation omitted). "'[T]here is no general requirement that arbitrators explain the reasons for their award.'" *Landy Michaels Realty Corp. v. Local 32B-32J, Serv. Emps. Int'l Union, AFL-CIO*, 954 F.2d 794, 797 (2d Cir. 1992) (internal quotation marks and citation omitted).

An unanswered petition to confirm an arbitration award is treated as an unopposed motion for summary judgment. *See D.H. Blair & Co.*, 462 F.3d at 109-10. Summary judgment is appropriate where the movant shows "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Thus, even though Respondent has "cho[sen] the perilous path of failing to submit a response to a summary judgment motion, the district court may not grant the motion without first examining the moving party's submission to determine if it has met its burden of demonstrating that no material issue of fact remains for trial." *Amaker v. Foley*, 274 F.3d 677, 681 (2d Cir. 2001).

## DISCUSSION

Petitioners argue that they are entitled to confirmation of the Award, pre- and post-judgment interest, attorney's fees, and costs. The Court agrees, but with a modest reduction in the requested attorney's fees.

## I.    Confirmation of the Arbitration Award

Petitioners have demonstrated that there is no material issue of fact in dispute to preclude enforcement of the Award, and that they are entitled to confirmation of the Award as a matter of

law.  First, Petitioners have presented undisputed evidence that arbitration was appropriate in this

case.  In relevant part, the CBA provides:

> Should any dispute or disagreement arise between the parties hereto, or between the Union and/or Union Benefit Funds and any Employer-member signatory hereto, concerning any claim arising from payments to the Fund of principal and/or interest which is allegedly due, either party may seek arbitration of the dispute before the impartial arbitrator designated hereunder . . . .

CBA art. XII, § 11.  Here, the parties' dispute stems from Respondents' alleged failure to remit

contributions to the Funds as required by the CBA.  *See* Pet. ¶ 17.  The CBA's arbitration provision,

therefore, plainly encompasses the present dispute.

Second, the arbitrator indisputably acted within the scope of his authority.  The CBA

provides that "[t]he arbitrator shall have full and complete authority to decide any and all issues

raised," and that "[t]he arbitrator's award . . . shall be final and binding."  CBA art. XII, § 11.

Moreover, in the event of arbitration, the CBA entitles the Funds not only to delinquent

contributions, but also to interest, liquidated damages, attorney's fees, and costs.  *See* Pet. ¶ 16;

CBA art. XII, § 6(f)(a)-(e).

Here, Petitioners submitted evidence that they gave Respondent notice of the arbitration

hearing, and Joseph Griffin, Respondent's President, appeared at the hearing.  *See* Pet. ¶ 18, Pet.

Ex. E; Award at 2.  The other evidence submitted confirms that the arbitrator complied with the

authority provided to him in the CBA by limiting his review to the issues raised—namely,

Respondent's delinquent payments to the Funds during the period of September 23, 2009 through

October 31, 2010.[1]  *See* Award at 2.  As stated in the Award, the arbitrator heard testimony from

the auditor that "set forth the accounting method employed during the course of the audit," as well

---

[1] Although the Award states that the relevant period was "9/23/2008 through 10/31/2010," *see* Award at 2, it appears that the first date—September 23, 2008—is a typographical error and should instead read "9/23/2009."  *See also* Pet. ¶ 17 (noting that the relevant period is "September 23, 2009 through October 31, 2010").

as the "computation of the amount of each alleged delinquency." *Id.*  Nothing before this Court suggests that the amount is incorrect, or that the auditor's accounting methods were unsound.  And, as the arbitrator noted, the "[Respondent's] President [] appeared at the scheduled Hearing and entered into negotiations with the Funds . . . to resolve the delinquent Benefit Fund contributions," demonstrating that Respondent recognized its liability.  *Id*.

Lastly, the relief granted to Petitioners was within the arbitrator's authority.  As discussed above, where contributions are disputed, the CBA explicitly permits the arbitrator to grant interest, liquidated damages, attorney's fees, arbitrator's fees, and court and audit costs.  *See* CBA art. XII, § 6(f)(a)-(e).  In light of the evidence submitted, Petitioners have met their burden of "demonstrating that no material issue of fact remains for trial."  *D.H. Blair & Co.*, 462 F.3d at 110.  Accordingly, the Court confirms the Award.

## II.      Pre- and Post-Judgment Interest

Petitioners next request prejudgment interest, accruing from "the date of the Award through the date of judgment . . . at the annual rate of 7.5%."  *See* Pet. at 6.  "[W]hether to award prejudgment interest in cases arising under federal law has in the absence of a statutory directive been placed in the sound discretion of the district courts."  *Waterside Ocean Navigation Co. v. Int'l Navigation Ltd.*, 737 F.2d 150, 153 (2d Cir. 1984) (quoting *Lodges 743 & 1746, Int'l Ass'n of Machinists v. United Aircraft Corp.*, 534 F.2d 422, 446 (2d Cir. 1975)) (explaining that there is a presumption towards granting prejudgment interest).  District courts in this Circuit have regularly exercised their discretion to grant prejudgment interest "when confirming arbitration awards under collective bargaining agreements pursuant to § 301 of the LMRA, when the CBA[] indicated that an arbitration award was 'final and binding,'" as is the case here.  *Trs. of N.Y.C. Dist. Council of Carpenters Pension Fund v. Modular Sys. Installations, Inc.*, No. 17-CV-6467 (GHW), 2017 WL

4772427, at *4 (S.D.N.Y. Oct. 20, 2017) (quoting *Serv. Emps. Int'l Union, Local 32BJ, AFL-CIO v. Stone Park Assocs.*, 326 F. Supp. 2d 550, 555 (S.D.N.Y. 2004) (collecting cases)). "Determining the rate of interest to be applied is also within the discretion of the district court." *Stone Park Assocs.*, 326 F. Supp. 2d at 555 (noting that "the LMRA is silent with respect to a prejudgment interest rate").

Petitioners' request for prejudgment interest from the date of the Award through the date of judgment in this action, at a rate of 7.5% annually—as the arbitrator deemed appropriate—is thus granted.  The "'common practice' among courts within the Second Circuit is to grant interest at a rate of 9%." *Id.*; *see, e.g.*, *N.Y.C. Dist. Council of Carpenters v. Tried N True Interiors LLC*, No. 20-CV-00051 (LGS), 2020 WL 1809323, at *4 (S.D.N.Y. Apr. 9, 2020) (granting prejudgment interest at the rate of 9% after confirming an arbitration award).  Because there is a presumption towards granting prejudgment interest and Petitioners have requested an accrual rate lower than the general practice in this Circuit, the Court grants their request. *See Trs. of N.Y.C. Dist. Council of Carpenters Pension Fund, Welfare Fund, Annuity Fund, & Apprenticeship, Journeyman Retraining, Educ. & Indus. Fund v. Tried N True Interiors LLC*, No. 19-CV-2083 (GHW), 2019 WL 2327524, at *3 (S.D.N.Y. May 31, 2019) (granting prejudgment interest at the rate of 7% after confirming an arbitration award).

Petitioners also seek "post-judgment interest at the statutory rate." *See* Pet. at 7.  28 U.S.C. § 1961(a) mandates postjudgment interest "on awards in civil cases as of the date judgment is entered." *N.Y.C. Dist. Council of Carpenters*, 2020 WL 1809323, at *4.  The Court, therefore, also grants postjudgment interest to "be calculated from the date of the entry of the judgment." 28 U.S.C. § 1961(a).

### III.     Attorney's Fees and Costs

Finally, Petitioners seek $770 in attorney's fees and $75 in costs incurred in bringing this petition.  *See* Pet. at 7.  Without statutory authority, a prevailing party is not generally entitled to attorney's fees, and § 301 of the LMRA does not specifically provide for recovery of attorney's fees in actions to confirm an arbitration award.  *See Int'l Chem. Workers Union (AFL-CIO), Local No. 227 v. BASF Wyandotte Corp.*, 774 F.2d 43, 47 (2d Cir. 1985); *Dist. Council of N.Y.C. & Vicinity of United Bhd. of Carpenters & Joiners of Am. v. Infinity Mgmt. Corp.*, No. 19-CV-10654 (GHW), 2020 WL 550699, at *3 (S.D.N.Y. Feb. 3, 2020).  Courts, however, may award attorney's fees in successful petitions to confirm arbitration awards "when a [party] refuses to abide by an arbitrator's decision without justification."  *Trs. of the N.Y.C. Dist. Council of Carpenters Pension Fund v. Coastal Envtl. Grp., Inc.*, No. 16-CV-6004 (GHW), 2016 WL 7335672, at *3 (S.D.N.Y. Dec. 16, 2016) (quoting *Int'l Chem. Workers Union*, 774 F.2d at 47).

Here, Respondent has not complied with the Award.  *See* Pet. ¶ 22.  And by not opposing this petition, Respondent has presented no justification for its failure to comply with the Award. The Court thus grants Petitioners' request for attorney's fees arising from bringing this action.  *See Paysafe Partners LP v. Merch. Payment Grp. LLC*, No. 19-CV-495 (LGS), 2019 WL 1986607, at *3 (S.D.N.Y. May 6, 2019) ("As Respondent has not appeared in this action nor challenged the Award, Petitioner is entitled to reasonable attorneys' fees and costs.").

To determine a reasonable amount of attorney's fees, Petitioners' counsel submitted contemporaneous time records, reflecting the time spent and all activities performed in litigating this matter.  *See* Pet. ¶ 26; Pet. Ex. G.  In total, counsel billed $770, reflecting 2.8 hours of work. *See* Pet. ¶ 30; Pet. Ex. G.  Specifically, counsel billed the time of (1) Adrianna Grancio, an associate who graduated from law school in 2016, at a rate of $275 per hour, *id.* ¶ 27; *see also* Pet. Ex. G,

and (2) legal assistants at a rate of $120 per hour, Pet. ¶ 28.[2]  With respect to the amount of hours billed, the Court has examined the submitted invoice and finds that the hours expended were reasonable.  *See Trs. of N.Y.C. Dist. Council of Carpenters Pension Fund, Welfare Fund, Annuity Fund v. Metroplex Serv. Grp., Inc.*, No. 18-CV-5889 (PAE), 2018 WL 4141034, at *6 (S.D.N.Y. Aug. 30, 2018) (explaining that an invoice "reflects sound billing practices" when "[i]t is thorough, detailed, relevant, and easy to understand, with no evident duplication of effort").

The Court, however, will reduce counsel's proposed billing rates, albeit marginally.  Other courts in this District have "recently found these rates unreasonable, and concluded that $225 per hour was an appropriate rate" for associates with similar experience in connection with comparable work.  *See Trs. of N.Y.C. Dist. Council of Carpenters Pension Fund, Welfare Fund, Annuity Fund, & Apprenticeship, Journeyman Retraining, Educ. & Indus. Fund v. Metro. Exposition Servs., Inc.*, No. 19-CV-149 (AJN), 2019 WL 2004279, at *4 (S.D.N.Y. May 7, 2019) (concluding that $225 per hour, rather than $275 per hour, is an appropriate rate for associates in connection with confirmation of an arbitration award); *see also, e.g.*, *Trs. of N.Y.C. Dist. Council of Carpenters Pension Fund, Welfare Fund, Annuity Fund v. DV I, LLC*, No. 17-CV-7367 (PAE), 2018 WL 461244, at *5 (S.D.N.Y. Jan. 18, 2018) (approving $225 per hour as an appropriate rate for an associate in connection with confirmation of an arbitration award).  Accordingly, the Court reduces Ms. Grancio's rate from $275 to $225 per hour.

Accordingly, Petitioners' request for attorney's fees is granted, but at the reduced rate of $225 per hour for Ms. Grancio's work.  Petitioners are therefore entitled to $630 in attorney's fees.

---

[2] Although Petitioners assert that counsel "billed the legal assistants' time at a rate of $120 per hour for work performed in connection with this action," Pet. ¶ 28, the time records submitted at Exhibit G do not include the legal assistants' work.  Additionally, Petitioners do not seem to seek recovery as to the legal assistants' work, as Exhibit G reflects 2.8 hours billed only by Ms. Grancio, at a rate of $275/hour, for a total of $770.  To the extent that this was an oversight, Petitioners may submit an additional request for the amount of $336, reflecting the legal assistants' work.

The Court also grants Petitioners $75 in costs arising out of this petition, which is a standard cost for bringing actions in this District.  *See Trs. of N.Y.C. Dist. Council of Carpenters Pension Fund, Welfare Fund, Annuity Fund, & Apprenticeship, Journeyman Retraining, Educ. & Indus. Fund v. Triangle Enter. NYC, Inc.*, No. 20-CV-793, 2020 WL 2306484, at *6 (S.D.N.Y. May 8, 2020).

## CONCLUSION

For the foregoing reasons, the petition to confirm the arbitration award is granted.  The Clerk of Court is respectfully directed to enter judgment in the amount of $27,042.46, plus prejudgment interest calculated at a rate of 7.5% per annum from May 23, 2019 through the date of judgment in this action and post-judgment interest calculated at the statutory rate.  In addition, Petitioner's request for attorney's fees is granted in the amount of $630, as are costs in the amount of $75.  The Clerk of Court is respectfully directed to close this case.

SO ORDERED.

Dated:     July 23, 2020
           New York, New York

_____
Ronnie Abrams
United States District Judge